[Crim. No. 4324.   In Bank.—February 20, 1941.]

THE PEOPLE, Respondent, v. WILLIAM YOUNG, Appellant.

No appearance for Appellant.

Earl Warren, Attorney-General, and Eugene M. Elson, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant was found guilty of first degree murder without recommendation of leniency in the Superior Court of Los Angeles County which pronounced

the death sentence and denied a motion for a new trial. The cause comes before this court on an automatic appeal.

The evidence establishes the following facts: Defendant, twenty-six years old and unmarried, was in love with Ruth Lugo, a twenty-nine year old Mexican woman who had been twice married and had four children. Her refusal to marry him and her plea that they stop seeing each other led the defendant to brooding which culminated in his determination to kill her and himself. To that end he stole a gun, purchased cartridges and wrote a letter outlining his plan to be given to his mother. On June 10, 1940, he called on Ruth Lugo and tried to persuade her to marry him. Failing to do so, he came over to her chair, sat in her lap, and fired two shots through her chest, causing her death. Members of the family, residing in the same house and in near-by houses, heard the shots and rushed into the room where they found the defendant with a gun in his hand near the body of Ruth Lugo. The shot which he fired at himself just missed being fatal. While he was attempting to shoot himself a second time, the members of the family intervened, finally overpowered him and then delivered him into the custody of the police.

During the course of the trial Police Officer Lopez took the stand and testified that shortly after the killing he had interviewed the defendant, that the questions and answers were taken down by a shorthand reporter under his direction, that these shorthand notes were transcribed by the reporter, that he had read them shortly after they were transcribed and verified them as correct. He was then asked to give the questions and answers, but defendant objected on the grounds that the shorthand reporter was not present to verify the transcribed statement and that no proper foundation had been laid. Lopez did not give the questions and answers but testified that the questions and answers contained in the written statement produced in court and shown to him were correct according to his present recollection. Officer Fremont then testified that defendant subsequently had read the statement and freely and voluntarily signed it in his presence. The statement contained a full confession of the crime by the defendant, and the parts considered relevant and not prejudicial were read to the jury as evidence. Regardless of Officer Lopez's testimony which merely identified the statements contained in the written document as

those made to him by defendant, Officer Fremont's testimony was sufficient to justify the reading of the relevant portions thereof to the jury as a confession of the crime.

The defendant further objected to the introduction in evidence of the letter written by him to his mother on the ground that there was insufficient proof that the signature on the letter was defendant's. Defendant's admission in his signed confession that he had written the letter, the testimony by a witness that defendant immediately after the shooting admitted writing the letter, and the testimony by a handwriting expert identifying the signature with that on another letter written by the defendant, justify the finding of the trial court that the signature had been sufficiently proven to permit the introduction of the letter. (Code Civ. Proc., secs. 1940, 1944.)

The district attorney's reference to the defendant as a "killer" in his closing address to the jury did not constitute prejudicial misconduct justifying a reversal in the light of the facts of the case.

In view of the ample evidence to support the verdict, the absence of any errors in the record, and the soundness of the instructions given by the trial judge to the jury, the judgment and order of the trial court are affirmed.